UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VINCENT M. BAILEY,

                      Petitioner,

                                          CRIMINAL CASE NO. 03-50073

v.

UNITED STATES OF AMERICA,            HONORABLE PAUL V. GADOLA
                                                        U.S. DISTRICT COURT
                      Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION TO REDUCE SENTENCE

On May 9, 2005, Petitioner filed a motion for a reduction in his prison sentence pursuant to 18 U.S.C. § 3582(c). It appeared from the motion that Petitioner was seeking relief that could only be obtained through a motion under 28 U.S.C. § 2255. Cognizant of the possible negative effects of mis-characterizing Petitioner's motion as a motion under § 2255, the Court, on July 13, 2005, ordered Petitioner to show cause within thirty days why the Court should not so characterize his motion. The Court received an untimely response on January 30, 2006. The Court will consider the response, despite its untimeliness. Although Petitioner describes his motion in the letter as his "3582(c)," he gives no reason why his motion should not be characterized as a § 2255 motion. Consequently, the Court will do so.

Petitioner's motion contains two grounds. In the first ground, Petitioner alleges that his "counsel was ineffective in failing to file the notice of appeal when requested to do so by Movant Bailey." Petitioner, however, waived his right to appeal his conviction or sentence in his plea agreement, except for two very specific circumstances that do not apply here. Such waivers are enforceable. *See United States v. Bradley*, 400 F.3d 459 (6th Cir. 2005); *United States v. Hunyady*,

409 F.3d 297, 304 (6th Cir. 2005). Thus, Petitioner has not shown the prejudice necessary to support an ineffectiveness claim. *See Strickland v. Washington*, 466 U.S. 668, 693 (1984). Petitioner's first ground fails.

In the second ground, Petitioner alleges that "counsel was ineffective in failing to challenge the search and seizure of U.S. currency and marijuana found at 613 East Stewart Avenue, in Flint, Michigan, where that currency and Marijuana was scored under federal sentencing guidelines to determine Movant's base offense level at sentencing." The second ground relies both on an ineffectiveness claim and a claim under *United States v. Booker*, 543 U.S. 220 (2005). Petitioner pleaded guilty to possession of marijuana with intent to distribute, 21 U.S.C. § 841(a)(1). He was apprehended after accepting delivery of a UPS package containing several pounds of marijuana. In his motion, Petitioner states that he accepted delivery at 221 West Holbrook Street, Flint, Michigan, yet a search warrant was obtained based only on the address on his Michigan identification card: 613 East Stewart Avenue, Flint Michigan. Petitioner argues that these facts were insufficient to support a finding of probable cause for a search warrant and his counsel was ineffective for not challenging the search and seizure. Petitioner also argues that according to *Booker* the drugs obtained from this search and seizure should not have been attributed to him to increase his sentence.

This ground, however, also fails. First, given that Petitioner was apprehended red-handed and his identification card listed his residence as the 613 East Stewart residence, Petitioner's counsel's failure to challenge the search and search of the 613 East Stewart residence is not ample enough to overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Second, Petitioner is attempting to apply *Booker* retroactively to attack his sentence collaterally, which is not possible. *Humphress*

*v. United States*, 398 F.3d 855, 860-63 (6th Cir. 2005). Petitioner was sentenced on August 17, 2004 and the judgment and commitment order was entered on August 24, 2004. *Booker* was decided on January 12, 2005.

Finally, midway through his brief, though not listed as a separate ground, Petitioner argues that his counsel was ineffective for failing to challenge the sufficiency of his indictment, which did not allege a specific drug quantity or indicate which statutory penalty subsection was being applied. *See United States v. Stewart*, 306 F.3d 295, 308 (6th Cir. 2002) ("This statute creates a three-tiered sentencing system based upon drug quantities."). This argument, however, cannot succeed as Petitioner cannot show prejudice. "An unconditional plea of guilty waives all contentions that are not jurisdictional." *United States v. Glen*, 418 F.3d 181, 183 (2d Cir. 2005). Furthermore, Petitioner stipulated to the specific drug quantity when he stipulated that the worksheets attached to the agreement represented the stipulation of the parties with respect to all the applicable sentencing guideline provisions. *See Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) ("[The Sixth Circuit] decided in *United States v. Harper*, 246 F.3d 520 (6th Cir. 2001), . . . that a defendant who stipulated to a specific quantity of drugs in a plea could not use *Apprendi* [ *v. New Jersey*, 530 U.S. 466 (2000)] to challenge that the determination was made by a preponderance of the evidence.").

Accordingly, **IT IS HEREBY ORDERED** that Petitioner's motion to reduce sentence [docket entry 24], construed as a motion pursuant to 28 U.S.C. § 2255, is **DENIED**.

**IT IS FURTHER ORDERED** that, if Petitioner desires to seek a certificate of appealability ("COA"), he may file a **MOTION** for a COA with this Court within **TWENTY-ONE (21) DAYS** of filing a notice of appeal and shall support this motion with an appropriate brief, both of which

shall comply with the Local Rules of this Court. *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) ("*We do encourage petitioners as a matter of prudence to move for a COA at their earliest opportunity so that they can exercise their right to explain their argument for issuance of a COA.*" (emphasis added)). Respondent may file a response with an appropriate brief, both of which shall comply with the Local Rules, within **FOURTEEN (14) DAYS** of service of Petitioner's motion for a COA.

**SO ORDERED.**

Dated:   April 24, 2006            s/Paul V. Gadola
                                   HONORABLE PAUL V. GADOLA
                                   UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   April 25, 2006   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:                                 James C. Mitchell                        , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:            Vincent M. Bailey                         .

                                   s/Ruth A. Brissaud
                                   Ruth A. Brissaud, Case Manager
                                   (810) 341-7845